**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| Wesley Bernard Williams, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 4:04-22859-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On November 3, 2004, pursuant to 28 U.S.C. § 2255, Wesley Bernard Williams ("petitioner") commenced this pro se action attacking his conviction. On April 12, 2004, the government moved for summary judgment. On April 13, 2005, the Court issued a Roseboro order advising the petitioner of summary judgment dismissal procedure. On April 28, 2005, the petitioner responded to the government's motion for summary judgment. This matter is now before the Court for disposition.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

On February 22, 2001, a federal grand jury charged the petitioner in a five count indictment. Count (1) charged the petitioner with crack cocaine trafficking, in violation of 21 U.S.C. §§ 841(a)(1) and 846(1). Count (2) charged the petitioner with attempt to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), 846 and 18 U.S.C. §2. Count (3) charged the petitioner with Hobbs Act robbery, in violation of 18 U.S.C. §1951. Count (4) charged the petitioner with using, carrying, and possessing a firearm during a trafficking and crime of violence, resulting in murder, in violation of 18 U.S.C. §924(c)(1) and §924(j). Count (5) charged the petitioner with being a felon in possession of a firearm, in

violation of 18 U.S.C. §922(g)(1). Williams proceeded to trial, where a jury found him guilty of all five counts. On April 22, 2002, Williams was sentenced to 45 years in prison and five years supervised release.

Williams appealed to the Fourth Circuit Court of Appeals ("Fourth Circuit), who held that: (1) robbery of a drug dealer affected interstate commerce as required for Hobbs Act conviction; (2) the evidence was sufficient to support the firearm conviction; and (3) murder enhancement was properly applied to robbery conviction. United States v. Williams, 342 F.3d 350 (2003). On February 4, 2004, the Supreme Court denied Williams petition for writ of certiorari.

In his §2255 motion, Williams alleges the following grounds of error: (1) ineffective assistance of trial counsel, (2) prosecutorial misconduct, and (3) ineffective assistance of appellate counsel.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner alleges that his trial counsel was ineffective because (1) there was insufficient evidence to show that his robbery affected interstate commerce; (2) there was insufficient evidence to convict him of murder as an aider and abettor; (3) the federal sentencing guideline enhancements were not proved beyond a reasonable doubt; (4) he was twice charged under 21 U.S.C. § 846 in violation of the double jeopardy clause; (5) his co-conspirators' testimony violated the Federal Rules of Evidence; and (6) the co-conspirators were paid for their testimony.

In claims of ineffective assistance of counsel, a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

Strickland v.Washington, 466 U.S. 668, 689 (1984).  The Strickland Court established a standard for determining when counsel has performed in a manner so defective as to be deemed a violation of the defendant's constitutional rights:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Strickland, 466 U.S. at 687.

In evaluating an attorney's performance, the proper standard is that of "reasonably effective assistance," and a criminal defendant must show that his attorney's representation fell below an objective standard of reasonableness.  Id. at 687-88.  Strickland also emphasized that "[j]udicial scrutiny of counsel's performance must be highly deferential."  Id. at 689.

In addition to establishing that counsel was deficient, the petitioner also must show prejudice.  The petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.  With this legal background in mind, the Court turns to the petitioner's claims of ineffective assistance of counsel.

### A. INSUFFICIENT EVIDENCE TO SHOW THAT THE ROBBERY AFFECTED INTERSTATE COMMERCE

The petitioner claims that his counsel failed to investigate the law relating to the Hobbs Act and that there was insufficient evidence to show that the robbery affected interstate

commerce. The evidence presented at trial established that the petitioner and his accomplices stole $1,000 in cash from the victim, whom they believed to be a cocaine dealer. Testimony presented at trial corroborated the fact that the victim was a cocaine dealer. Moreover, the victim told the men, as he was being robbed, that he had a couple ounces of cocaine in a nearby barn. The victim also had $1,000 on his person at the time of the robbery, which further supported the conclusion that he was involved in drug trafficking.

The Fourth Circuit reviewed the district court's legal conclusions *de novo* and factual conclusions for plain error. The Fourth Circuit held that "based on all of this evidence, it was hardly irrational for the jury to conclude that [the victim] was a drug dealer and that the stolen $1,000 constituted proceeds from his drug business, and therefore that the robbery satisfied the elements of the Hobbs Act." United States v. Williams, 342 F.3d at 355. Absent unusual circumstances, a petitioner may not collaterally attack issues which have been litigated and resolved on direct appeal. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976). The petitioner fails to demonstrate that there was insufficient evidence to show that the robbery affected interstate commerce, and the petitioner cannot establish that his counsel's representation prejudiced him. The petitioner is not entitled to relief on this claim.

### B. INSUFFICIENT EVIDENCE TO CONVICT THE PETITIONER OF MURDER AS AN AIDER AND ABETTER

The petitioner claims that his counsel failed to adequately investigate the law and prove that there was insufficient evidence to convict him of murder as an aider and abettor. In this case, the evidence adduced at trial was more than sufficient for the jury to conclude that the petitioner acted with malice aforethought in the murder of the victim. The petitioner accompanied others to rob the victim and was present when an accomplice gave the petitioner a

gun and instructed the petitioner to shoot the victim if the victim became non-compliant. The petitioner was therefore aware of the possibility that robbing the victim may also entail killing him. In the course of the robbery, the victim was shot five times, at least one of which was done by the petitioner. Furthermore, the petitioner ensured the victim's death by alerting an accomplice that after the fourth shot, the victim was still moving. In addition, the petitioner shared in the proceeds from the robbery. All of this evidence demonstrates that the petitioner was aware of the risk of death or serious bodily harm as he actively participated in the robbery and killing. It was thus reasonable for a jury to conclude that the petitioner aided and abetted in the murder of the victim.

The Fourth Circuit reviewed the court's legal conclusions *de novo* and factual conclusions for plain error. The Fourth Circuit held that the petitioner "caused the murder of the victim." Williams v. United States, 342 F.3d at 357. Absent unusual circumstances, a petitioner may not collaterally attack issues which have been litigated and resolved on direct appeal. See Boeckenhaupt v. United States, 537 F.2d at 1183. The petitioner fails to demonstrate that there was insufficient evidence to convict him of robbery as an aider and abettor, and the petitioner, consequently, cannot establish that his counsel's representation prejudiced him. The petitioner is not entitled to relief on this claim.

### C. THE SENTENCING GUIDELINES WERE NOT PROVED BEYOND A REASONABLE DOUBT

The petitioner's Presentence Investigation Report computed the offense level for each count and assigned a total prison range of life imprisonment. For the Hobbs Act robbery conviction, the Report determined that the petitioner's base offense level was 20. It then added 6 levels pursuant to §2B3.1(b)(3)(C) of the United States Sentencing Guidelines for permanent or

life threatening bodily injury, and 4 levels pursuant to §2B3.1(b)(4)(A) for abducting a person to facilitate commission of the offense.  Finally, because the victim was killed under circumstances which would constitute murder under 18 U.S.C. § 1111, the Report assigned the maximum offense level of 43, pursuant to § 2B3.1(c)(1) and §2A1.1.

The jury was presented with more than sufficient evidence to support a finding of first-degree murder under §1111, triggering the application of §2A1.1.  Moreover, the evidence is clear that the murder was committed in the perpetration of a robbery, and thus the petitioner committed felony murder.  At the sentencing hearing, the district court adopted the Report's findings, but departed downward from life imprisonment because the petitioner was less culpable than one of his accomplices.  Consequently, the court sentenced the petitioner to 45 years in prison.

The Fourth Circuit reviewed the court's legal conclusions *de novo* and factual conclusions for plain error.  The Court held that "the jury was presented with more than sufficient evidence to support" the enhancement findings and that the district court properly imposed sentence enhancements.  United States v. Williams, 342 F.3d at 353, 357-58.  Absent unusual circumstances, a petitioner may not collaterally attack issues which have been litigated and resolved on direct appeal.  See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).  The petitioner fails to demonstrate that the federal sentencing guidelines were not proven beyond a reasonable doubt, and the petitioner, consequently, cannot establish that counsel's representation prejudiced him.  The petitioner is not entitled to relief on this claim.

The petitioner claims that his sentence was imposed in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000), because the sentencing guidelines were not proved beyond a

reasonable doubt. This claim is without merit. The Supreme Court held in Apprendi that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490 (emphasis added). In contrast, "a fact increasing the mandatory minimum (but not extending the sentence beyond the statutory maximum)" does not implicate Apprendi concerns. Harris v. United States, 536 U.S. 545, 557 (2002)(plurality opinion)(distinguishing Apprendi and upholding rule in McMillan v. Pennsylvania, 477 U.S. 79 (1986)) (majority opinion)(holding that, following McMillan, judge may make determination beyond facts alleged in indictment or submitted to jury which raises minimum sentence). The Fourth Circuit emphasized this distinction in United States v. Promise:

> We do not hold that all facts that could serve to increase a defendant's sentence must be found by the jury beyond a reasonable doubt. Instead, we merely hold that the maximum penalty that may be imposed upon a defendant is the maximum penalty allowed by statute upon proof of only those facts alleged in the indictment and found by the jury beyond a reasonable doubt. Once this maximum penalty is established, a fact (sentencing factor) that may increase the actual sentence imposed within that maximum is not subject to the same requirements.

255 F.3d 150, 157 n.5 (4th Cir. 2001)(en banc).

No Apprendi argument can be sustained on these facts. Under Apprendi, a defendant sentenced to 45 years in prison cannot claim error, because 21 U.S.C. § 841(b), 18 U.S.C. 924(j), and 18 U.S.C. §1111 authorize a maximum sentence of up to life in prison. United States of America v. Sanders, 247 F.3d 139, 150 (4th Cir. 2001). Here, the court departed downward and sentenced the petitioner to 45 years imprisonment.

The petitioner claims that his sentence violates principles set forth in Blakely v. Washington, 124 S. Ct. 2531 (2004). Recently, the United States Supreme Court reaffirmed that principle. See

United States v. Booker, 125 S. Ct. 738 (2005).  The Supreme Court, however, clearly stated that its holding in Booker must be applied "to all cases on direct review."  Id. at 25.  Subsequent to the decision in Booker, the Fourth Circuit held that Booker "is not available for post-conviction relief for federal prisoners, . . . whose convictions became final before Booker . . . was decided.  United States v. Morris, No. 04-7889, 2005 WL 2950732 *6 (4th Cir. 2005).  Here, the petitioner's case has run its course and his conviction and sentence became final in 2002, "well before Booker was issued, and its approach therefore does not govern [this] collateral proceeding."  Id.  This § 2255 action is an attempt to collaterally attack his final conviction and sentence.  Booker, therefore, is inapplicable to this case.  The petitioner is not entitled to relief on this claim.

### D.  DOUBLE JEOPARDY FOR CHARGES OF CONSPIRACY TO DISTRIBUTE CRACK COCAINE AND ATTEMPT TO POSSESS CRACK COCAINE UNDER 18 U.S.C. §846

The petitioner argues that he was charged under 18 U.S.C. §846 with both conspiracy to distribute crack cocaine and attempt to possess crack cocaine in violation of the double jeopardy clause.  Count (1) charged the petitioner with conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846(1).  Count (2) charged the petitioner with attempt to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. §2.

In determining whether Congress intended to authorize cumulative punishments, the applicable rule, announced in Blockburger v. United States, 284 U.S. 299, 304 is that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not."  "The test is a rule of statutory construction, not a constitutional talisman."  Whalen v. United States, 445 U.S. 684, 709 (1980).

Moreover, the statutory provisions involved here prohibit different conduct- distribution and possession. The Supreme Court has held that a single act can give rise to distinct offenses under separate statutes without violating double jeopardy where Congress intends an imposition of consecutive sentences for different crimes arising from the same act, agreement, or conspiracy. See Albernaz v. United States, 450 U.S. 333, 335 (1981). "[S]tatutory provisions [that] specify different ends as the proscribed object . . . clearly satisfy the Blockburger test. Id.

"In order to establish [conspiracy to distribute crack cocaine pursuant to] 21 U.S.C. §846, the government need not prove the commission of any overt acts in furtherance of the conspiracy." United States v. Shabani, 513 U.S. 10, 15. "Conversely, no agreement need be proven to secure a conviction" for attempt to possess with intent to distribute, which is a substantive drug offense. United States v. Fornia-Castillo, 408 F.3d 52, 69 (1st Cir. 2005). "The agreement to do the act is distinct from the act itself." United States v. Felix, 503 U.S. 378, 390-91 (1992). "Indeed, it has long been established that 'conspiracy to commit a crime is not the same offense as the substantive crime for double jeopardy purposes.'" United States v. Fornia-Castillo, 408 F.3d at 69 (quoting United States v. Lanoue, 137 F.3d 656, 662 (1st Cir. 1998). Because a charge of conspiracy and a charge of attempted possession do not constitute double jeopardy, the petitioner cannot show that these charges were the result of ineffective assistance of counsel. The petitioner is not entitled to relief on this claim.

### E.  EVIDENCE ERRORS

The petitioner alleges that his counsel failed to argue against the admissibility of the testimony of his co-conspirators pursuant to Federal Rule of Evidence 104(a), which provides that "preliminary questions concerning the qualification of a person to be a witness, the existence of a

privilege, or the admissibility of evidence shall be determined by the court." FED. R. EVID. 104(a). The court did determine these preliminary questions at the petitioner's trial. The petitioner does not allege with specificity what preliminary question the court failed to determine or wrongfully determined. Petitioner has not carried his burden because he has shown neither counsel's deficiency nor prejudice. The petitioner is not entitled to relief on this claim.

Next, the petitioner claims that his counsel failed to argue against the admissibility of the testimony of his co-conspirators. The petitioner alleges that such testimony violated Federal Rule of Evidence 801(d)(2)(E), which provides that a statement is not hearsay if it is made by a "coconspirator of a party during the course of and in furtherance of the conspiracy." FED. R. EVID. (801) (d)(2)(E). Under Rule 810(d)(2), the "contents of the statement shall be considered but are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered." Thus, the trial court must consider the declarant's statement in making its preliminary determination but must require independent proof. The petitioner alleges that there was no independent proof of the co-conspirator's statement. The petitioner further alleges that he was "convicted solely by co-conspirator testimony." (Petitioner's Response to the Government's Reply, p. 17)  However, the testimony of the petitioner's co-conspirators was confirmed by a plethora of evidence, including: third parties' testimony, the victim's body, the victim's mobile home, the conspirators' van, bullets, casings, and shoelaces.

The petitioner fails to show that his co-conspirators' testimony was inadmissible. He also fails to demonstrate that his counsel's representation prejudiced him. Therefore, the petitioner is not entitled to relief on this claim.

**III. PROSECUTORIAL MISCONDUCT**

The petitioner alleges that the prosecutor paid the petitioner's co-conspirators for their testimony in violation of 18 U.S.C. §201 (c)(2) and (3). However, there is no evidence that supports this allegation. Therefore, the petitioner is not entitled to relief on this claim.

**IV. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL**

The petitioner has alleged that his appellate counsel was ineffective. In this case, the petitioner fails to allege any acts or omissions that show his appellate counsel's deficiency. See Strickland, 466 U.S. at 687. Therefore, the petitioner failed to show that his appellate counsel was ineffective.

**V. CONCLUSION**

The petitioner fails to show that his trial counsel prejudiced him because (a) there was sufficient evidence to show that his robbery affected interstate commerce; (b) there was sufficient evidence to convict the petitioner of murder as an aider and abettor; (c) the Guideline enhancements were proved beyond a reasonable doubt; (d) the charges did not violate the double jeopardy clause; (e) the co-conspirators' testimony did not violate the Federal Rules of Evidence; and (f) the co-conspirators were not paid for their testimony. The petitioner fails to show that he was prejudiced by the representation of his appellate counsel. The petitioner also fails to show that the prosecutor engaged in any misconduct. The Court therefore grants the government's motion and dismisses this action with prejudice.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

November 8, 2005
Charleston, South Carolina